# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ARGOS THERAPEUTICS, INC.[1] | Case No. 18-12714(KJC) |
| Debtor. | Ref No. 6, 28, 93 and 117 |

## FINAL ORDER GRANTING MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the *Motion of the Debtor for Entry of Interim and Final Orders (a) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Determining Adequate Assurance of Payment* (the "Motion")[2] and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estate; and sufficient cause appearing therefor; it is hereby

---

[1] The last four digits of the Debtor's federal tax identification number are 0007. The Debtor's corporate headquarters and its mailing address is 4233 Technology Drive, Durham, NC 27704.

[2] Capitalized terms not defined herein shall have the same meaning as ascribed to them in the Motion.

{1205.001-W0053109.}

ORDERED that the Motion is GRANTED on a final basis as set forth herein; and it is further

ORDERED that the Debtor's proposed counsel shall, no later than three (3) business days after entry of this Final Order, serve a copy of this Final Order by way of postage prepaid, first class regular mail on each Utility Provider and other interested parties; and it is further

ORDERED that except in accordance with the procedures set forth below, all Utility Providers are (a) prohibited from discontinuing, altering, or refusing service to the Debtor on account of the commencement of this Chapter 11 Case or any unpaid prepetition charges, (b) prohibited from discriminating against the Debtor, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtor's bankruptcy filing or any outstanding prepetition invoices other than the procedures established herein, and (c) deemed to have received adequate assurance of payment in compliance with Bankruptcy Code section 366; and it is further

ORDERED that, to the extent not already deposited, within the earlier of twenty (20) days of the Petition Date or ten (10) days from the entry of the Interim Order, the Debtor made the Adequate Assurance Deposit in the amount of $8,750 into a bank account established by the Debtor or a current dormant bank account that has been previously established, for the purpose of providing the Utility Providers with adequate assurance of their postpetition services to the Debtor (the "Adequate Assurance Escrow"); and it is further

ORDERED that the Adequate Assurance Escrow shall be maintained with a minimum balance of approximately $8,750, which may be adjusted by the Debtor (a) to account for the addition or removal of a Utility Provider from the Debtor's list of Utility Providers attached hereto as **Exhibit 1**, as may be amended or modified in accordance with the procedures set forth

herein (the "Utility Services List") and (b) in accordance with the terms of any agreement between the Debtor and the affected Utility Provider; and it is further

ORDERED that if a Utility Provider is not satisfied with the assurance of future payment being provided by the Debtor pursuant to the Motion, the Utility Provider must serve a written request (the "Additional Assurance Request") upon the Debtor and its counsel setting forth the locations(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, and an explanation of why the Adequate Assurance Deposit is inadequate assurance of payment; and it is further

ORDERED that the Additional Assurance Request must be actually received by (a) the Debtor's proposed counsel, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew R. Pierce, Esq.) and (b) counsel to the official committee of unsecured creditors (if any) (collectively, the "Notice Parties"); and it is further

ORDERED that if a Utility Provider fails to serve an Additional Assurance Request, it shall be (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with Bankruptcy Code section 366 and (b) forbidden from (i) discontinuing, altering or refusing service to the Debtor on account of any unpaid prepetition charges, the filing of the Debtor's Chapter 11 Case, or any objections to the adequacy of the Proposed Adequate Assurance, or (ii) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance; and it is further

ORDERED that without further order of the Court, the Debtor may enter into agreements granting an Additional Assurance Request to a Utility Provider if the Debtor, in their discretion, determine that the Additional Assurance Request is reasonable; and it is further

ORDERED that if the Debtor believes that an Additional Assurance Request is unreasonable, the Debtor shall set the matter to be heard at the next regularly scheduled omnibus hearing in the case, seeking a determination from the Court that the Adequate Assurance Deposit reserved for the objecting Utility Provider, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment (the "Determination Hearing"). Pending the Determination Hearing, the Utility Provider that is the subject of the unresolved Additional Assurance Request may not alter, refuse, or discontinue services to the Debtor, nor recover or setoff against a prepetition date deposit; and it is further

ORDERED that based on the establishment of the Proposed Adequate Assurance, a Utility Provider shall be deemed to have adequate assurance of payment unless and until a future order of the Court is entered requiring further assurance of payment; and it is further

ORDERED that the Debtor is authorized, in its sole discretion, to add or remove any Utility Provider from the Utility Services List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost of utility service for each subsequently added or removed Utility Provider as soon as practicable. If the Debtor adds a Utility Provider to the Utility Services List subsequent to the filing of the Motion, the Debtor will serve a copy of the Motion and this Final Order on the Utility Provider that is added to the list by such a supplement (the "Supplemental Service"). In addition, the Debtor will provide an Adequate Assurance Deposit in the amount equal to the estimated aggregate cost for two (2) weeks of utility services, calculated as a historical average over the past twelve (12) months for the added Utility Provider. Any subsequently added Utility Provider set forth on a supplement to the Utility Services List will fall within the scope of this Final Order from the date of the filing of the supplemental Utility Services List. If an Additional Assurance

Request is made, the Debtor and the Utility Provider making the Additional Assurance Request shall be bound by the procedures set forth herein, as applicable; and it is further

ORDERED that the Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice") to the Utility Provider, which notice shall indicate that the portion of the Adequate Assurance Deposit attributable to such Utility Provider shall be returned to the Debtor upon the earlier of (a) the date that is two weeks following service of such a Termination Notice by a Utility Provider, and (b) the closing of the sale of substantially all of the Debtor's assets (such date, the "Return Date"), provided, however, that if the Debtor receives an objection from such Utility Provider prior to the Return Date, the Debtor shall request a hearing before the Bankruptcy Court on such objection at the next omnibus hearing date, or such other date that the Debtor and the Utility Provider may agree. The Debtor shall not deduct from the Utility Deposit the amount set aside for any Utility Provider that the Debtor seeks to terminate unless and until the Return Date has passed and the Debtor has not received any objection from such Utility Provider, or until any such objection has been resolved consensually or by order of the Court; and it is further

ORDERED that to the extent the Debtor issues a Termination Notice or the services provided by the Utility Provider are otherwise terminated, any deposit held by such Utility Provider must be returned to the Debtor in accordance with the procedures of applicable non-bankruptcy law and the Debtor may reduce the Adequate Assurance Deposit attributable to such Utility Provider accordingly; and it is further

ORDERED that notwithstanding the relief granted herein any actions taken pursuant thereto, nothing herein shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise

or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section 365; (f) a waiver of the Debtor's right to dispute whether any of the entities now or hereafter listed on **Exhibit 1** attached hereto are or are not "utilities" within the meaning of Bankruptcy Code section 366(a); or (g) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law; and it is further

ORDERED that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion; and it is further

ORDERED that Bankruptcy Rule 6003 has been satisfied; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: January 22, 2019
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge